```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

GUY RALPH PEREA, et al.,    )
          Plaintiff,        )
                            )
     v.                     ) C.A. No. 04-11579-DPW
                            )
JOHN KERRY, U.S. SENATOR    )
     FROM MASSACHUSETTS,    )
          Defendant.        )
```

**MEMORANDUM AND ORDER**

For the reasons stated below, plaintiffs' complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiffs pay the filing fee or submit an application to proceed without prepayment of fees.

ALLEGED FACTS

On July 6, 2004, plaintiffs Guy Ralph Perea and Tammy Dawn Perea Jtwros[1] filed a one-page pro se complaint, but failed either to pay the filing fee or to file an application to proceed without prepayment of fees.  The complaint is confusing.  It states that plaintiff Perea is the "President of the United States" and that plaintiff Tammy is the "Vice President of the United States."  United States Senator John Kerry is the only named defendant.  Plaintiffs complain defendant is "violating the Geneva Convention by sending us

---

[1] It is unclear from the complaint whether this is Tammy's last name or is meant to indicate the plaintiffs are joint tenants with right of survivorship with respect to some property.

bread with animal feces in from a place called Trader Joe's East out of Needham Heights, Massachusetts under your deferred compensation investments in prison foods" and states that "criminal charges will be brought."

ANALYSIS

I.  Plaintiffs Have Filed Neither The Requisite Filing Fee
    <u>Nor An Application To Proceed Without Prepayment of Fees</u>

A litigant filing a civil action in this court must either (1) pay the $150 filing fee, or (2) file an application to proceed without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1914(a) ($150 filing fee); 28 U.S.C. § 1915(a) (<u>in forma pauperis</u> actions).  In this case, plaintiffs have neither paid the filing fee, nor submitted a completed application to proceed without prepayment of the fee. Accordingly, this action will be dismissed in 42 (forty-two) days from the date of this Order unless plaintiffs do either of the following:  (1) submit the $150.00 filing fee; or (2) both plaintiffs file completed applications to proceed without prepayment of the fees.

Plaintiffs are also advised that if they are incarcerated, they are subject to the additional restrictions of 28 U.S.C. § 1915.  Along with an application to proceed without prepayment of fees, a prisoner litigant must also submit a "certified copy of the trust fund account statement

(or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).[2]  Moreover, if plaintiffs are prisoner litigants, they are hereby put on notice that even if they file applications to proceed without prepayment of fees, they will nevertheless have to pay the full amount of the filing fee.  See 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis).  Based on the information contained in plaintiffs' application(s) and any accompanying prison account statement(s), the Court will issue an order directing the appropriate prison official to withdraw an initial partial payment from plaintiffs' account(s), followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).

II.   Plaintiffs' Claims Will Be Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiffs are further advised that, should they seek to proceed in this action without prepayment of the filing fee, their complaint will be subject to the screening provisions of 28 U.S.C. § 1915(e)(2) (proceedings in forma pauperis).

---

[2] This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Section 1915(e)(2) authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).

In this case, even viewing the alleged facts in the light most favorable to plaintiffs, the complaint simply fails to articulate or suggest an arguable claim under any recognized legal theory, and appears to describe fantastic or delusional scenarios.  Moreover, it also appears likely that defendant would be entitled to federal sovereign immunity for acts in his official capacity.  <u>See</u> <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941) (federal government entitled to immunity unless it consents to suit).  <u>See</u> <u>also</u>, <u>Loeffler v. Frank</u>, 486 U.S. 549. 554 (1988); <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994).  Accordingly, plaintiffs are advised that their complaint is likely subject to dismissal in any event.  28 U.S.C. § 1915(e); <u>Denton v. Hernandez</u>, 504 U.S. at 32-33; <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the

plaintiff, are patently meritless and beyond all hope of redemption).

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, this action will be dismissed unless plaintiffs submit the $150 filing fee or completed applications to proceed without prepayment of fees, within thirty-five (35) days from the date of this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this 8th day of August, 2004.

_____
UNITED STATES DISTRICT JUDGE